**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2012

No. 11-51188
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DENNIS LAWRENCE BLISS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-121-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Dennis Lawrence Bliss appeals his conviction of one count of possession of child pornography and nine counts of receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2), (a)(4). He argues that the evidence was insufficient to support his convictions.

"A challenge to the sufficiency of the evidence that is procedurally preserved, as this challenge was, is reviewed de novo." *United States v. McElwee*, 646 F.3d 328, 340 (5th Cir. 2011) (internal quotation marks and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

citation omitted). In reviewing the sufficiency of the evidence, we view all the evidence and draw all inferences and credibility determinations in the light most favorable to the verdict, and determine whether a rational jury could have found that the evidence established the elements of the offense beyond a reasonable doubt. *McElwee*, 646 F.3d at 340. "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Guanespen-Portillo*, 514 F.3d 393, 396 (5th Cir. 2008) (internal quotation marks and citations omitted). We do not reweigh the evidence or assess the credibility of the witnesses. *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008).

Bliss argues that the Government failed to prove that his possession of the images was knowing, given that there was evidence that his stepson could have committed the crime. The only testimony indicating that Bliss's stepson used Bliss's work-issued laptop came from Bliss's mother, who stated that she saw the stepson using Bliss's laptop. That testimony was contradicted by the stepson who testified that Bliss was protective of his work-issued laptop and refused to let him use it. Bliss's stepson further testified that he never used Bliss's laptop. In light of additional testimony by Bliss's mother indicating that Bliss's laptop was one of two laptops sitting atop the bar in Bliss's house, the jury could have concluded that Bliss's mother was simply mistaken about which laptop Bliss's stepson was using. Such a conclusion is a reasonable construction of the evidence. *See Guanespen-Portillo*, 514 F.3d at 396.

Given all of the testimony in this case, the jury could have reasonably inferred that Bliss knowingly possessed images of child pornography. *See McElwee*, 646 F.3d at 340. Therefore, a reasonable trier of fact could have concluded that the Government established every element of the offense beyond a reasonable doubt. *Id.*; § 2252(a)(4)(B).

Bliss argues that the Government failed to prove that he received the images of child pornography because it failed to prove that he downloaded the images in question at the Dollarhide plant. In support of his argument, Bliss contends that there was evidence that he was not always at work at the Dollarhide plant when his field service orders reflected that he was there, that the internet service at the Dollarhide plant was too poor to allow the downloads, and that his stepson had access to his computer and downloaded the images.

The jury was free to weigh the value of the field service orders against the other testimony presented at trial. *See Ramos-Cardenas*, 524 F.3d at 605. The evidence establishing Bliss's whereabouts on the dates involved in Counts 2 through 10 of the indictment were the field service orders, which placed Bliss at work at the Dollarhide plant when the images were downloaded. By convicting Bliss of Count 2 through Count 10, but acquitting him of Counts 11 through 16, the counts related to images allegedly received by Bliss on February 14, 2011, the jury must have found that the field service orders were accurate as to the dates involved in the counts of conviction. This is a reasonable construction of the evidence presented at trial. *See Guanespen-Portillo*, 514 F.3d at 396.

Bliss's contention that it would not have been possible for him to download the images at the Dollarhide plant due to poor internet service is unavailing. The testimony at trial established that the internet service at the Dollarhide plant was intermittent or spotty, but that it was possible to be online and to use the internet at the plant. Bliss again tries to undermine his conviction by arguing that his stepson had access to his computer and downloaded the images. However, as discussed above, the jury could have reasonably concluded that the stepson never used Bliss's laptop.

Given all of the testimony in this case, the jury could have reasonably concluded that Bliss downloaded the images of child pornography that were the subject of Count 2 through Count 10 of the indictment onto his laptop while he was at work at the Dollarhide plant. In light of the foregoing, a reasonable trier

of fact could have concluded that the Government established every element of the offense beyond a reasonable doubt.  *See McElwee*, 646 F.3d at 340; § 2252(a)(2).  Accordingly, the judgment is AFFIRMED.