# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-60988

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellant, Cross-Appellee

v.

JAMES WILLIAM SMITH,

Defendant-Appellee, Cross-Appellant

Appeals from the United States District Court
for the Northern District of Mississippi

Before KING, BENAVIDES, and DENNIS, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge:

The United States appeals a Rule 29 judgment of acquittal following James William Smith's conviction for knowing possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B). We reverse.

## I. Background

The resolution of this appeal turns on a single question: did prosecutors present sufficient evidence that Smith was in knowing possession of the child pornography recovered from his shared computer? At trial, the prosecution produced uncontroverted evidence that someone intentionally downloaded videos of child pornography to Smith's computer during a period when Smith and two roommates, girlfriend Elizabeth Penix and long-time friend Joshua

No. 12-60988

Jolly, were the regular and exclusive users of the computer. Employment records eliminated Penix as a suspect, and Jolly denied any knowledge of the files or associated software. Smith did not testify. Undisputed expert testimony indicated that the files were intact, that no special skill was required to download or access them, and that the files were so explicitly named that the individual downloading them must have known of their content. After deliberating for a few hours, the jury returned a guilty verdict.

Following the conviction, Smith filed a timely motion for new trial, FED. R. CRIM. P. 33, and separate motion for acquittal, FED. R. CRIM. P. 29. The district court rejected his arguments for a new trial, but entered judgment of acquittal, finding the evidence insufficient to sustain the verdict. *See generally United States v. Smith*, No. 1:11-cr-114, slip op. (N.D. Miss. Nov. 26, 2012), ECF No. 85. After reviewing the record under the applicable standard, we find sufficient evidence for the jury to conclude beyond a reasonable doubt that Smith was in knowing possession of child pornography at the time the files were downloaded.

## II.  Sufficiency of the Evidence

### A.  Legal Standard

A district court must enter a judgment of acquittal where "the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29. We review sufficiency of the evidence *de novo*. *United States v. Williams*, 602 F.3d 313, 314–15 (5th Cir. 2010). In determining whether the evidence is sufficient to sustain a conviction, we examine all evidence in the light most favorable to the verdict, and consider whether a rational trier of fact "could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *United States v. Moreland*, 665 F.3d 137, 148–149 (5th Cir. 2011) (citation omitted). In making such a determination, we consider "the countervailing evidence as well as the evidence that supports the verdict." *Id.*

No. 12-60988

at 149 (citation and internal quotation marks omitted).  Nonetheless, we must remain mindful that the weighing of evidence and the assessment of witness credibility "is solely within the province of the jury." *United States v. Sanchez*, 961 F.2d 1169, 1173 (5th Cir. 1992).

**B.  Discussion**

Smith was convicted of knowing possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  Accordingly, the evidence is sufficient to sustain his conviction if a rational juror could find beyond a reasonable doubt that Smith (1) knowingly (2) possessed (3) material containing an image of child pornography (4) that was transported in interstate or foreign commerce by any means.  *See Moreland*, 665 F.3d at 149.  Here, Smith argues that the evidence is insufficient to establish his possession of the files, and that, regardless, there is no evidence that he knew the files contained child pornography.  The other elements are not in dispute.

**1.  Possession**

In cases involving child pornography or other contraband, possession may be actual or constructive.  *Moreland*, 665 F.3d at 149–150 (citing *United States v. Mergerson*, 4 F.3d 337, 348 (5th Cir. 1993)).  Actual possession "means the defendant knowingly has direct physical control over a thing at a given time."  *United States v. Munoz*, 150 F.3d 401, 416 (5th Cir. 1998).  Where the contraband consists of computer files, the volitional downloading of those files entails control sufficient to establish actual possession.  *United States v. Haymond*, 672 F.3d 948, 956 (10th Cir. 2012).  Actual possession, like constructive possession, may be proven by direct or circumstantial evidence.  *United States v. Wilson*, 657 F.2d 755, 760 (5th Cir. Unit A Sept. 1981); *see also United States v. Tovar*, 719 F.3d 376, 389 (5th Cir. 2013) (allowing jury to infer earlier actual possession where defendant was not in actual possession at the time of arrest); *United States v. Bliss*, 491 F. App'x 491, 492 (5th Cir. 2012)

3

No. 12-60988

(unpublished) (allowing use of circumstantial evidence to find that defendant downloaded files).

The prosecution's case is not complicated. It begins with the uncontroverted premises that someone used Frostwire software to seek out and download 26 videos of child pornography to Smith's computer, that there were only three possible suspects (Smith, Penix, and Jolly), and that Penix was not using the computer at the time the files were downloaded. The prosecution then introduced Jolly's testimony, in which he denied downloading the files and indicated that he did not know much about computers. Smith, meanwhile, did not testify. Taken in the light most favorable to the verdict, and even inferring nothing from Smith's decision not to testify, these facts appear to implicate Smith.

We must, however, consider countervailing evidence. Although Jolly testified that he is an auto mechanic and does not know much about computers, he conceded that he uses the internet often, and forensic analysis revealed that he had used Smith's computer regularly. Uncontroverted testimony from expert witnesses indicated that the Frostwire software is not difficult to use, requiring nothing more than entering search terms and selecting videos. This suggests that, even if Jolly does not know much about computers, he was likely still capable of using the Frostwire software to download the files. In addition, Jolly had no explanation whatsoever for where he had been on the dates in question. Smith, meanwhile, offered an alibi via the testimony of his girlfriend and his parents. These three witnesses testified that Smith had been at his parents' home on dates in question, rendering it impossible for him to have downloaded the files. They provided various documents in support of this alibi. The fact that Smith, without even testifying, offered an alibi—while Jolly, who did testify, offered none—certainly weakens the case against Smith.

4

Yet we must remain mindful that it is the sole province of the jury to assess the credibility of the testimony given at trial, and we must consider all evidence in the light most favorable to the guilty verdict rendered. *Sanchez*, 961 F.2d at 1173. With that in mind, it is not unreasonable for the jury to credit Jolly's testimony over the testimony of Penix and the Smiths. For example, the documentation provided in support of the alibi, while generally corroborating the broad storyline provided by the witnesses, does not actually indicate that Smith was at his parents' home when the files were downloaded. Moreover, the prosecution introduced evidence that Penix had entirely changed her account of one of the relevant dates, and that Mrs. Smith had originally made no mention of her son's visits when questioned by police. The jury may have been skeptical of the alibi in light of these discrepancies. But for whatever reason, it is clear from the verdict that the jurors in this case simply chose to believe Jolly instead of his girlfriend and his parents. It is well within their discretion to do so. *See Sanchez*, 961 F.2d at 1175 (upholding conviction for conspiracy where jury chose to believe the testimony of the undercover officer in spite of countervailing testimony and the fact that the testimony was the "sole inculpatory evidence" against defendant).

The district court, however, acquitted Smith on the basis that "it is just as likely that Joshua Jolly downloaded the child pornography onto the computer as Smith did." *Smith*, No. 1:11-cr-114, at 11. As a purely theoretical statement, this may be true. But the question is not whether, in terms of metaphysical probability, it is "equally likely" that Jolly downloaded the files. The question is whether *this* evidence, *taken in the light most favorable to the verdict,* offers "nearly equal circumstantial support" for competing explanations. *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012). For the reasons already described, we believe that it does not. Moreover, it is well established that "[t]he evidence need not exclude every reasonable hypothesis

of innocence," *id.*, and "the jury is free to choose among reasonable constructions of the evidence," *Bliss*, 491 F. App'x at 492.  The jury has done so here, and its verdict must not be disturbed.  *United States v. Woerner*, 709 F.3d 527, 537 (5th Cir. 2013).

Nonetheless, Smith urges this Court to find, as we did in *Moreland*, that there is no evidence to support "knowledge of" or "access to" the child pornography.  Smith Br. at 12, ECF No. 32.  The language Smith invokes is a component of constructive possession analysis.  *See Mergerson*, 4 F.3d at 349.  Constructive possession is "ownership, dominion or control over an illegal item itself[,] or dominion or control over the premises in which the item is found." *Id.* (citation omitted).  When illegal files are recovered from shared computers, courts permit an inference of constructive possession where the files' nature and location are such that computer's owner must be aware of them.[1]  Such an inference, however, must be supported by evidence that "the defendant had knowledge of and access to" the files.  *Moreland*, 665 F.3d at 150.

In the present case, there is no reason to require the knowledge and access necessary to support an inference of constructive possession, because the evidence is sufficient for a jury to find actual possession at the time of download.  As a consequence, we need not address Smith's arguments regarding the complex nature of the Windows directory or file paths.  Nor must we determine whether the evidence is sufficient to support an alternate finding of constructive possession under the assumption that Smith did not download the files.  *See Tovar*, 719 F.3d at 389 n.14 (declining to "engage in a constructive

---

[1] *See United States v. Patrick*, 363 F. App'x 722, 725 (11th Cir. 2010) (unpublished) ("[S]ignificant evidence suggested that Patrick knew the images were on his computer, regardless of whether he manually downloaded them . . . ."); *United States v. Hao Sun*, 354 F. App'x 295, 305 (10th Cir. 2009) (unpublished) ("[A] jury could reasonably conclude . . . [that] the owner/possessor of the computer would no doubt be aware of at least some of the 800 images on his computer . . . .").

possession analysis" where evidence was sufficient to support actual possession); *United States v. Patterson*, 23 F.3d 1239, 1245 n.6 (7th Cir. 1994) ("Because we conclude that there was sufficient evidence to support a finding of actual possession we need not address defendant's argument's regarding the constructive possession instructions.").

### 2. Knowledge

Before reversing the judgment of acquittal, we must also find sufficient evidence that Smith knowingly possessed the child pornography.  18 U.S.C. § 2252A(a)(5)(B).  The knowledge requirement extends both to the age of the performers and to the pornographic nature of the material.  *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994).  Here, undisputed expert testimony indicates that someone searched for and selected these files for download.  Each file name included an explicit description of the type of sexual act performed, in addition to the word "child," "pre-teen," or the age of the minor depicted.  These file names were presented to the jury, who reasonably concluded that the person selecting and downloading these files must have understood the illegal nature of the content.  *See Woerner*, 709 F.3d at 537 ("[T]heir content was evident from their file names, undercutting any potential argument that they were downloaded by mistake.").  More significantly, 19 of the 26 files were previewed at the time of download. So it seems clear that the person downloading the files knew both the age of the performers and the sexually explicit nature of the material.

We conclude, therefore, that the prosecution presented sufficient evidence such that the jury could find, beyond a reasonable doubt, that Smith downloaded the files and knew what he was downloading.  Given that the nature of the files and the interstate transport are not in dispute, the evidence is thus sufficient to sustain a conviction of knowing possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B).

No. 12-60988

## III.  Conclusion

Smith asks that we instruct the district court to consider whether a new trial is warranted on grounds not previously raised.  Smith, however, has shown no error or abuse of discretion in the district court's adjudication of his motion for a new trial, and we find none in the record.  Accordingly, we deny that request.  Consequently, and for the reasons stated herein, we REVERSE the judgment of acquittal and remand for sentencing.