# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40895
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FREDY JAVIER REINOSO-VELEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CR-703-1

Before HAYNES, WILLETT, and HO, Circuit Judges.

PER CURIAM:[*]

Fredy Javier Reinoso-Velez appeals his conviction for illegal reentry, arguing that the evidence at trial was insufficient to support his conviction and that prosecutors made improper remarks. We reject these arguments and affirm.

Our review of the sufficiency claim is de novo because Reinoso-Velez preserved the claim by urging a timely motion for judgment of acquittal. *See,*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*e.g., United States v. Brown*, 727 F.3d 329, 335 (5th Cir. 2013).  We accordingly ask whether, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences to support the verdict, a reasonable trier of fact could find the evidence sufficient to prove the elements of the offense beyond a reasonable doubt.  *See United States v. Floyd*, 343 F.3d 363, 370 (5th Cir. 2003).  The inquiry "is not whether the jury's verdict was ultimately correct but whether the jury made a reasonable decision based upon the evidence introduced at trial."  *United States v. Pando Franco*, 503 F.3d 389, 394 (5th Cir. 2007).

The Government was required to show that Reinoso-Velez (1) was an alien; (2) had previously been deported; (3) was found in the United States; and (4) did not have permission to reenter the United States.  *See United States v. Esparza*, 678 F.3d 389, 392 (5th Cir. 2012).  At issue is the Government's proof as to the third element.  Agent Travis Benner of the U.S. Border Patrol testified that he and other agents made numerous arrests near the border on May 13, 2019, in Hidalgo County, Texas.  Agent Benner could not specifically recall Reinoso-Velez but affirmed that routine arrest records for that date include his name.  Although the Government failed to introduce the records in question, Agent Benner testified about them without objection, and that testimony provided jurors an adequate basis to conclude that Reinoso-Velez was found within the United States.  *See, e.g., McDaniel v. Brown*, 558 U.S. 120, 131 (2010) (noting that sufficiency review requires a reviewing court to consider "all of the evidence" admitted at trial).

The remaining claim concerns statements made during the prosecution's closing and rebuttal arguments.  Because "[t]he sole purpose of closing argument is to assist the jury in analyzing, evaluating and applying the evidence," a prosecutor is generally "confined . . . to discussing properly

admitted evidence and any reasonable inferences or conclusions that can be drawn from that evidence." *United States v. Mendoza*, 522 F.3d 482, 491 (5th Cir. 2008) (internal quotation marks and citations omitted). Nevertheless, "A criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone[.]" *United States v. Valas*, 822 F.3d 228, 243 (5th Cir. 2016) (internal quotation marks and citation omitted). As Reinoso-Velez acknowledges, our review is for plain error only because he failed to object in the district court. *See, e.g., United States v. Rashad*, 687 F.3d 637, 643 (5th Cir. 2012). To establish plain error, a defendant must show (1) error (2) that is plain, and (3) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the defendant makes those showings, this court has discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Reinoso-Velez contends that prosecutors improperly vouched for Agent Benner and made unfounded assertions about the source and significance of certain documents from his alien file. Even assuming error that was "clear or obvious," however, Reinoso-Velez has not shown an impact on his substantial rights. *Puckett*, 556 U.S. at 135. The alleged bolstering was limited to a detail in Agent Benner's testimony not disputed by the parties and of no inherent significance in this case. The remaining statements concerned Reinoso-Velez's alien status and lack of permission to reenter the United States, both of which were established by competent evidence of unquestioned authenticity. Furthermore, the district court twice instructed jurors not to regard the statements of attorneys as evidence. We "presume that such instructions are followed," and Reinoso-Velez has failed to rebut that presumption. *United States v. Smith*, 814 F.3d 268, 276 (5th Cir. 2016) (internal quotation marks and citation omitted). Because he has likewise failed to demonstrate that

"errors so fatally infect[ed] the trial that they violated the trial's fundamental fairness," we also reject his contention that this is one of the "rare instances" in which the cumulative-error doctrine warrants reversal. *United States v. Delgado*, 672 F.3d 320, 344 (5th Cir. 2012) (en banc).

AFFIRMED.