# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2020

Lyle W. Cayce
Clerk

No. 19-11234
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROYCE WADE LANDER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CR-75-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

A jury convicted Royce Wade Lander of transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). At trial, the Government alleged Lander drove 15-year-old G.C. from Texas to New Mexico and sexually assaulted her during the drive. He

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-11234

now appeals, arguing (1) the trial court erred by admitting privileged evidence; (2) the Government committed prosecutorial misconduct; and (3) he received ineffective assistance from his trial counsel.

Lander first argues the district court erred in ruling that three photos sent to him by his wife via text message were not privileged marital communications. This court reviews evidentiary rulings for abuse of discretion, subject to harmless error analysis. *See United States v. Miller*, 588 F.3d 897, 903 (5th Cir. 2009). The marital communications privilege protects private communications between spouses. *United States v. Koehler*, 790 F.2d 1256, 1258 (5th Cir. 1986). The parties agree the photos were exchanged privately between Lander and his wife, but they disagree as to whether the photos constitute communications. This court need not resolve the dispute because any error in admitting the photos was harmless. Lander argues the photos, which depicted his wife's feet, lent credibility to G.C.'s testimony, from which it could be inferred Lander had a foot fetish. However, Lander's fetish had been established by other evidence, including testimony that Lander told police he had a foot fetish and a photograph of Lander with his arm around a woman's foot.[1] The photos that Lander's wife sent to him were therefore cumulative, and any error in admitting them was harmless. *See United States v. El-Mezain*, 664 F.3d 467, 526 (5th Cir. 2011).

Lander next argues the Government committed prosecutorial misconduct in its closing argument by referencing the kidnapping of Elizabeth Smart. Because Lander "failed to make a contemporaneous objection to the prosecutor's closing remarks in the trial court," plain error review applies. *United States v. Mares*, 402 F.3d 511, 515 (5th Cir. 2005). To

---

[1] This photograph was not sent to Lander by his wife, and Lander does not assert that it was improperly admitted.

succeed on plain error review, Lander must show a clear or obvious error that affected his substantial rights. *See United States v. Aguilar*, 645 F.3d 319, 323 (5th Cir. 2011). Even if he meets his burden, this court will generally not exercise its discretion to correct the error unless it "seriously affected the fairness, integrity, or public reputation of the judicial proceeding." *Id.*

Our law is clear that prosecutors may not refer or allude to evidence not introduced at trial, *United States v. Murrah*, 888 F.2d 24, 26 (5th Cir. 1989), and may not appeal to passion and prejudice in a way meant to inflame the jury, *United States v. Raney*, 633 F.3d 385, 395 (5th Cir. 2011). Although the references to the Smart case could be viewed as violating these prohibitions, we need not reach whether they clearly or obviously did so, because Lander has not shown his substantial rights were affected. *See United States v. Olano*, 507 U.S. 725, 734-35 (1993). To do so, he must show the error affected the outcome of the district court proceedings, *id.* at 734, and the "determinative question is whether the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict," *United States v. Smith*, 814 F.3d 268, 276 (5th Cir. 2016). To make this determination, this court considers "(1) the magnitude of the prejudicial effect of the prosecutor's remarks, (2) the efficacy of any cautionary instruction by the judge, and (3) the strength of the evidence supporting the conviction." *Id.* (internal quotation marks and citation omitted).

The prosecutor's comments were not "so pronounced and persistent as to permeate the entire atmosphere of the trial," and it is unlikely they had a significant prejudicial effect. *See United States v. Ramirez-Velasquez*, 322 F.3d 868, 875-76 (5th Cir. 2003) (internal quotation marks and citation omitted). Further, the district court instructed the jury before and after closing arguments that the attorneys' statements were not evidence, which reduced any prejudicial effect. *See id.* at 875. Finally, there was strong evidence of Lander's guilt. The findings of G.C.'s sexual assault examination

were consistent with her assertion that Lander had digitally penetrated her. Lander expressed concern when investigators told him G.C. was only 15 years old, he admitted to discussing his foot fetish with G.C., and he did not tell his wife he had given G.C. a ride from Texas to New Mexico, even though he had been texting with her while he was with G.C. The ample evidence of Lander's guilt, combined with the district court's curative instructions, outweighs any prejudice stemming from the prosecutor's comments. *See id.* at 876. Thus, Lander cannot show his substantial rights were affected. *See id.*

Finally, Lander argues for the first time on appeal that his trial counsel was ineffective. Generally, an ineffective assistance of counsel claim cannot be resolved on direct appeal if it was not first raised in the district court since "no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted). This is not one of those "rare cases" where the record allows this court to fairly evaluate the merits of the claim. *See United States v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992) (internal quotation marks and citation omitted). Accordingly, we decline to consider Lander's ineffective assistance of counsel claim without prejudice to his right to seek collateral review.

The district court's judgment is AFFIRMED.