# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2022

Lyle W. Cayce
Clerk

No. 21-60660
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMES ALLEN MORRIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:02-CR-74-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:[*]

Following the revocation of James Allen Morris's term of supervised release, the district court sentenced him to eight months of imprisonment and three years of supervised release. He now appeals that revocation sentence. Although he was released before briefing was completed, his appeal

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

is not moot because he remains subject to a term of supervised release. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

While Morris's revocation proceedings were pending, and after he was appointed counsel, he filed a pro se motion seeking a reduction of his term of supervised release under the First Step Act of 2018. The district court denied that motion primarily because Morris was not permitted to submit pro se motions while he was represented by counsel, although the district court also noted that Morris did not warrant relief based on the underlying merits of his request. Although Morris challenges the district court's denial of that motion, the record does not show that he submitted a timely notice of appeal for that denial. However, there is no need for us to remand this case for a determination as to whether Morris's untimely notice of appeal warranted an extension of time for excusable neglect under Federal Rule of Appellate Procedure 4(b)(4) because the deadline for filing a timely notice of appeal in a criminal case is not jurisdictional, the Government has filed a responsive brief without challenging the timeliness of Morris's appeal, and Morris's appeal on this basis lacks merit. *See United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). By challenging only the secondary basis for the district court's denial of his sentence-reduction motion, he has abandoned any challenge to that primary, and dispositive, basis for the district court's denial. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Morris also challenges the second special condition of supervised release imposed as part of his original sentence in 2003. A defendant may not use an appeal from the revocation of his term of supervised release to attack his original sentence. *United States v. Hinson*, 429 F.3d 114, 116 (5th Cir. 2005). Moreover, because Morris neglected to contest that condition in his

earlier appeal, the waiver doctrine bars consideration of this issue. *See United States v. Smith*, 814 F.3d 268, 272 (5th Cir. 2016).

In his final argument, Morris argues that his revocation sentence was unreasonable because the district court included an additional term of supervised release based on an impermissible basis. Our review of the record shows that the district court included the additional term of supervised release due to Morris's need for medical treatment regarding his underlying pain issues so that he would not continue self-medicating with illegal drugs. Morris's need for medical care was a permissible factor in fashioning his revocation sentence. *See* 18 U.S.C. § 3553(a)(2)(D); *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Accordingly, Morris has failed to show that the revocation sentence was plainly unreasonable. *See Miller*, 634 F.3d at 843.

The judgment of the district court is AFFIRMED.