# United States Court of Appeals for the Fifth Circuit

---

No. 22-50156
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Oscar Santiago Garcia Sanchez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-122-1

---

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Oscar Santiago Garcia Sanchez was convicted by a jury for possession with the intent to distribute 500 grams or more of methamphetamine. The district court sentenced Garcia Sanchez to 151 months in prison to be followed by five years of supervised release.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50156

On appeal, Garcia Sanchez argues that the district court erred in denying his motion to suppress evidence obtained in violation of the Fourth Amendment during the warrantless border search. We review a district court's findings on a motion to suppress for clear error, and the court's ultimate conclusions on whether the Fourth Amendment was violated de novo. *United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir. 2010). Garcia Sanchez argues that drilling into the keyholders concealing the methamphetamine violated the Constitution because the Customs and Border Protection (CBP) officers did not have a reasonable suspicion that the keyholders contained contraband prior to the intrusive and destructive search. Contrary to Garcia Sanchez's argument, the CBP officers' testimony articulated clear and specific reasons why the officers suspected that the keyholders may have contained contraband. Accordingly, Garcia Sanchez has not shown that the district court erred in denying the motion to suppress. *See Scroggins*, 599 F.3d at 440.

Garcia Sanchez also argues that the evidence was insufficient to allow the jury to find that he knew that the keyholders contained narcotics. This claim is reviewed de novo. *See United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018); Fed. R. Crim. P. 29. Control over a vehicle that contains contraband can support an inference of knowledge of the contraband. *United States v. Diaz-Carreon*, 915 F.2d 951, 954 (5th Cir. 1990). When contraband is hidden, however, "additional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge" is required. *United States v. Mudd*, 685 F.3d 473, 477 (5th Cir. 2012) (internal quotation marks and citation omitted). In addition to Garcia Sanchez's sole control of the vehicle, there was sufficient circumstantial evidence for a reasonable jury to infer his knowledge of the methamphetamine. *See United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc); *United States v. Del Aguila-Reyes*, 722 F.2d 155, 157 (5th Cir. 1983).

No. 22-50156

Finally, Garcia Sanchez argues that he is entitled to a new trial because the prosecutor made an inaccurate statement during the rebuttal portion of his closing argument. Plain error review applies because Garcia Sanchez did not object to the prosecutor's remarks. *See United States v. Mares*, 402 F.3d 511, 515 (5th Cir. 2005). To succeed on plain error review, Garcia Sanchez must show a clear or obvious error, "i.e., the prosecutor's remarks were improper," that affected his substantial rights. *United States v. Aguilar*, 645 F.3d 319, 323 (5th Cir. 2011). Even if the prosecutor's statement regarding the number of people who had weighed the methamphetamine was incorrect, Garcia Sanchez does not dispute that the keyholders contained 3.4 kilograms of methamphetamine. Without a significant dispute as to the accuracy of the weight of the methamphetamine, the statement had no significant prejudicial effect. *See United States v. Smith*, 814 F.3d 268, 276 (5th Cir. 2016).

The judgment of the district court is AFFIRMED.