# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2023

Lyle W. Cayce
Clerk

———————

No. 22-30391

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Kevondric Fezia,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:21-CR-77-1

_____

Before Richman, *Chief Judge*, Southwick and Oldham, *Circuit Judges*.

Per Curiam:[*]

Kevondric Fezia appeals his jury conviction for sex trafficking in violation of 18 U.S.C. § 1591(a)(1) and attempting to entice a minor to engage in prostitution in violation of 18 U.S.C. § 2422(b). He contends that the prosecutor violated his constitutional rights at trial.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30391

Fezia did not object at trial, so our review is for plain error. *See United States v. Cabello*, 33 F.4th 281, 285 (5th Cir. 2022). To prevail, the defendant must show an error that is "clear or obvious" and not "subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009). Such error must also affect the defendant's substantial rights. *Id.* And even if the defendant can make satisfy these threshold requirements, the court of appeals has "*discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation omitted).

Fezia first argues that his Sixth Amendment rights under the Confrontation Clause were violated when the prosecutor, in his closing argument, referenced what the minor victim would have said if she testified at trial. But closing arguments do not implicate the Confrontation Clause so this claim fails. *See United States v. Solis*, 299 F.3d 420, 442 (5th Cir. 2002).

Fezia next contends that the prosecutor committed prosecutorial misconduct by referencing evidence not presented at trial and blaming defense counsel's theoretical cross-examination as the reason that the victim did not testify. While "[c]ounsel is accorded wide latitude during closing argument," *United States v. Reagan*, 725 F.3d 471, 492 (5th Cir. 2013) (quotation omitted), and may attempt to rebut assertions made by defense counsel, *see United States v. McCann*, 613 F.3d 486, 495 (5th Cir. 2010), a prosecutor may not refer to or even allude to evidence that was not produced at trial, *see United States v. Mendoza*, 522 F.3d 482, 491 (5th Cir. 2008).

Fezia cannot show that the prosecutor's statements were improper. *See Vargas*, 580 F.3d at 279 (noting that the absence of an objection by defense counsel supported the court's determination that the prosecutor's remarks did not rise to the level of clear or obvious error); *see also, e.g., United States v. Tomblin*, 46 F.3d 1369, 1390 & n.56 (5th Cir. 1995); *United States v.*

*Livingston*, 816 F.2d 184, 195 (5th Cir. 1987). The prosecutor's remarks must be considered in the context of the entire trial. *See Mendoza*, 522 F.3d at 492; *see also United States v. Young*, 470 U.S. 1, 12–13 (1985) ("[I]f the prosecutor's remarks were 'invited,' and did no more than respond substantially in order to 'right the scale,' such comments would not warrant reversing a conviction."). Here, the record reflects that the prosecutor's challenged remarks were made in response to defense counsel's closing argument, emphasizing the absence of the victim's testimony and explaining why such sexually charged testimony from a minor was unnecessary.

Moreover, Fezia has not shown that these statements had a strong prejudicial effect or that they "cast serious doubt on the correctness of the jury's verdict." *United States v. Smith*, 814 F.3d 268, 276 (5th Cir. 2016) (quotation omitted). The prosecution introduced considerable evidence that Fezia recruited the minor victim to engage in sex work after meeting her online and took her from Louisiana to Texas to engage in prostitution. The evidence of Fezia's guilt—viewed in context with the district court's instruction that the questions, statements, objections, and arguments by the lawyers are not evidence—outweighs any prejudicial effect of the prosecutor's comments. *See United States v. Turner*, 674 F.3d 420, 439-40 (5th Cir. 2012); *see also Livingston*, 816 F.2d at 196. Fezia has not and cannot show that the remarks constituted plain error.

AFFIRMED.