# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-50642
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Salvador Holguin,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-275-2

————————————————————

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Salvador Holguin appeals his jury trial conviction for possession with intent to distribute methamphetamine. 21 U.S.C. § 841(a)(1), (b)(1)(C). He argues that the district court admitted testimonial hearsay in violation of the Federal Rules of Evidence and his rights under the Confrontation Clause, and that the Government committed misconduct by arguing in closing that the

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

jury should consider that testimonial hearsay for the truth of the matter asserted. Neither argument has merit, so we AFFIRM.

The Federal Rules of Evidence ban hearsay: out-of-court statements made to prove the truth of what's asserted. Fed. R. Evid. 801(c). Similarly, the Confrontation Clause prohibits admitting out-of-court statements as evidence against defendants in a criminal case unless they can cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 51–53 (2004). But that prohibition applies only if the statements are "testimonial." *Id.* A statement is "testimonial" if its primary purpose . . . is to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006). And as with the federal rules, the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *United States v. Kizzee*, 877 F.3d 650, 656 (5th Cir. 2017).

We review a district court's decision to admit or exclude evidence for an abuse of discretion and any error in admitting evidence is subject to harmless-error review. *United States v. Hankton*, 51 F.4th 578, 601 (5th Cir. 2022). We review preserved Confrontation Clause errors de novo, subject to harmless-error analysis, *Kizzee*, 877 F.3d at 656, but Confrontation Clause errors that have not been preserved are reviewed for plain error, *United States v. Acosta*, 475 F.3d 677, 680 (5th Cir. 2007).  It is not immediately clear from the record whether Holguin preserved a Confrontation Clause challenge, but we need not decide which level of review applies because Holguin's arguments fail under any standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Although Holguin fails to identify with specificity which statement he claims is testimonial hearsay, he objects to the statements "from unknown alleged conspirators." Only one text message from an unknown sender was

admitted over objection. That message read: "Your good I'm in town rn trying to make something happen. You think you can throw me something I got $60 rn." Holguin responded to that message as follows: "I mean I went got some today just got local." The district court did not err in admitting the unknown sender's message for several reasons.

First, this incoming text message facilitating the purchase of drugs is not "testimonial" under the Confrontation Clause because there is nothing to suggest that the primary purpose of that message was to be used in a criminal prosecution to establish or prove past events. *See United States v. Ivory*, 783 F. App'x 325, 328 (5th Cir. 2019); *Crawford*, 541 U.S. at 51. Second, the statement was not offered for the truth of the matter asserted. Holguin was convicted of possession with intent to distribute, which requires only that he *intended* to distribute the drugs, not that he actually distributed anything. *United States v. Cabello*, 33 F.4th 281, 284 (5th Cir. 2022). As such, whether the unknown sender was truthfully in town "trying to make something happen" or had $60 is irrelevant. The relevance of the text message is the effect it had on Holguin in believing that he was engaging in a drug sale. *United States v. Reed*, 908 F.3d 102, 120 (5th Cir. 2018) ("Ordinarily, a statement is not hearsay if it is offered to prove the statement's effect on the listener."). Finally, even if the statement is considered hearsay, it was admissible to provide context for Holguin's response, which was properly admitted as an admission of a party opponent. *See* Fed. R. Evid. 801(d)(2)(A); *United States v. Robinson*, 87 F.4th 658, 673 (5th Cir. 2023). As we explained in *Robinson*, "when a defendant's recorded statements are admissible as a party opponent admission under Rule 801(d)(2)(A), an interlocutor's statements, even if considered hearsay, are admissible to put [the defendant's] statements into context." *Id.* (internal quotation marks and citation omitted). And here, unlike in *Robinson*, the district court gave the jury a limiting instruction that it could consider this

statement for the limited purpose of providing context for the text messages attributable to Holguin, not for the truth of the matter. For all these reasons, the district court did not violate the hearsay rules, nor the Confrontation Clause, in admitting the unknown sender's statement.

Holguin also argues that the Government inappropriately argued in closing that the jury could consider the unknown sender's statement for the truth of the matter asserted. Holguin failed to object to the Government's comments about the statement during trial and concedes that this challenge is reviewable for plain error only. *United States v. Mares*, 402 F.3d 511, 515 (5th Cir. 2005).

To prevail on this issue, Holguin must show that the error affected his substantial rights. *See United States v. Olano*, 507 U.S. 725, 734–35 (1993) (noting it is the defendant's burden to show the error was prejudicial). To do so, he must show the error affected the outcome of the district court proceedings, *id.* at 734, and the "determinative question is whether the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict," *United States v. Smith*, 814 F.3d 268, 276 (5th Cir. 2016) (internal quotation marks and citation omitted). To make this determination, this court considers "(1) the magnitude of the prejudicial effect of the prosecutor's remarks, (2) the efficacy of any cautionary instruction by the judge, and (3) the strength of the evidence supporting the conviction." *Id.* (internal quotation marks and citation omitted).

Even assuming Holguin is right that the Government's comments during closing were improper, he has not met his burden of showing that this error affected his substantial rights. To begin, the prejudicial effect of the Government's comment was likely small given the limiting instruction the district court gave the jury. In addition, the Government provided ample evidence to support a conviction without relying on its comment about the

text message. A witness testified that Holguin invited her to go with him while he completed a methamphetamine transaction on December 6, 2022. Also, officers located more than 60 grams of methamphetamine and paraphernalia consistent with drug trafficking, including baggies of various sizes and a scale, in his residence. *See United States v. Resio-Trejo*, 45 F.3d 907, 911 (5th Cir. 1995) ("Possession may be actual or constructive, and the intent to distribute may be inferred from the quantity and value of the [controlled substance] possessed."). Furthermore, "because the Government used an "on or about" designation in the indictment, it was not required to prove the exact date of Holguin's offenses. *See United States v. Valdez*, 453 F.3d 252, 260 (5th Cir. 2006). And although Holguin claimed that he had no intention of selling methamphetamine on December 6, 2022, he admitted to possessing and distributing drugs from August 2022 until at least December 2022, and he signed a letter apologizing for selling methamphetamine. Accordingly, Holguin cannot show his substantial rights were affected. *See United States v. Aguilar*, 645 F.3d 319, 323 (5th Cir. 2011).

The judgment of the district court is AFFIRMED.