# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2024

Lyle W. Cayce
Clerk

No. 24-10192
Summary Calendar

—————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Drayon Conley,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-4-1

———————————————————————

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

The Federal Public Defender appointed to represent Drayon Conley has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Conley has filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10192

Conley's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. And Conley forfeited the challenge he raises in his response by failing to raise it in his first appeal. *See United States v. Smith*, 814 F.3d 268, 272 (5th Cir. 2016) ("The waiver doctrine generally bars consideration of issues that a party could have raised in an earlier appeal but did not."); *see also Brooks v. United States*, 757 F.2d 734, 739 (5th Cir. 1985).

Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.

However, the written judgment contains a clerical error in that it incorrectly recorded what occurred at the revocation resentencing hearing on February 27, 2024: The judgment indicated the district court determined that Conley had violated his release conditions at that hearing. However, that determination had already been made at the revocation hearing prior to remand, and the district court did not revisit that determination during the resentencing hearing. Furthermore, the written judgment purported to list Conley's supervised release violations, and in doing so, it identified one violation—the failure to attend mental health counseling as directed—that was not included in the original revocation judgment. Accordingly, we REMAND for the correction of these clerical errors in the written judgment in accordance with Federal Rule of Criminal Procedure 36. *See United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020).