# United States Court of Appeals for the Fifth Circuit

―――――――――

No. 24-30229
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SARAH ELAINE FOGLE,

*Defendants—Appellant*.

―――――――――――――――――――――――

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:21-CR-212-2

―――――――――――――――――――――――

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Sarah Fogle was convicted of conspiracy to engage in the business of dealing firearms without a federal firearms license. On appeal, she contends that there is insufficient evidence in support of her conviction and that the prosecutor misrepresented evidence during closing argument.

Fogle first urges that the government failed to present sufficient evi-

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

dence showing that she acted willfully.  We review the record to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

"A conspiracy requires (1) an agreement between two or more persons to pursue an unlawful objective; (2) the defendant's knowledge of the unlawful objective and voluntary agreement to join the conspiracy; and (3) an overt act by one or more of the members of the conspiracy in furtherance of the objective of the conspiracy." *United States v. Martinez*, 921 F.3d 452, 467 (5th Cir. 2019) (internal quotation marks and citation omitted).  To prove that a defendant willfully sold firearms without a license, the government must demonstrate beyond a reasonable doubt that the defendant "acted with knowledge that [her] conduct was unlawful."  *Bryan v. United States*, 524 U.S. 184, 191–92 (1998) (internal quotation marks and citation omitted).

A rational juror could have found that Fogle was dealing in firearms with the knowledge that her conduct was unlawful.  Despite claiming that the firearms were part of a personal collection, she admitted that she was not a firearms collector and that she had been buying firearms for the purpose of acquiring inventory for sale at gun shows.  Evidence was that she assisted in removing firearms from her husband's gun shop for transport to gun shows and that she treated firearms that she acquired as commercial inventory.  She also authored a blog post on gun regulations in the United States.  When this evidence is viewed in the light most favorable to the government, a rational jury could conclude beyond a reasonable doubt that Fogle acted with the knowledge that her conduct was unlawful.  *See id.*

Fogle also posits that during closing argument, the government improperly referred to evidence that was not adduced at trial.  Because she

No. 24-30229

did not object in the district court, review is for plain error. *See United States v. Smith*, 814 F.3d 268, 273 (5th Cir. 2016). The record contains ample evidence that Fogle was aware she was acting unlawfully, which, when combined with the district court's curative instruction, outweighs any prejudicial effect of the prosecutor's comments. *See id.* at 275–76. Accordingly, Fogle has failed to show that her substantial rights were affected.

In light of the foregoing, the judgment is AFFIRMED. It is ordered that this appeal be SEVERED from No. 24-30241.